UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                   CASE NO.: 8:19-bk-00168

FW INVESTMENTS OF FLORIDA, LLC                           CHAPTER 11
d/b/a The Wine Bar Cafe

     Debtor.
_____/

## APPLICATION TO EMPLOY ATTORNEY

This application of FW INVESTMENTS OF FLORIDA, LLC d/b/a The Wine Bar Cafe (the "Debtor"), respectfully represents:

1. Debtor wishes to employ BLANCHARD LAW, P.A. Said attorney is duly admitted to practice in this Court.

2. Your applicant has selected BLANCHARD LAW, P.A. for the reason that they have considerable experience in matters of this character, and believe that BLANCHARD LAW, P.A. is well qualified to represent the Debtor-in-Possession in this proceeding.

3. The professional services BLANCHARD LAW, P.A. is to render are:

    a. To give the Debtor legal advice with respect to its powers and duties as Debtor and as Debtor-in-Possession in the continued operation of its business and management of its property; if appropriate.

    b. To prepare, on the behalf of your applicant, necessary applications, answers, orders, reports, complaints, and other legal papers and appear at hearings thereon; and

    c. To perform all other legal services for Debtor as Debtor-in-Possession which may be necessary herein, and it is necessary for Debtor as Debtor-in Possession to employ this attorney for such professional services.

4. To the best of the Debtor's knowledge, BLANCHARD LAW, P.A. has no connection with the Debtor, the creditors, or any other party in interest, or their respective attorneys other than those connections disclosed in its affidavit.

5. Your applicant desires to employ BLANCHARD LAW, P.A. under a general retainer agreement with a $10,000.00 fee retainer (exclusive of a $1,717.00 filing fee/cost retainer). BLANCHARD LAW, P.A. will charge $275.00 per hour for Attorney Jake Blanchard's time,

$250.00 per hour for Associate Attorney's time and $90 per hour for paralegal time to be paid only upon proper application.

6. BLANCHARD LAW, P.A. represents no interest adverse to Debtor as Debtor-in-Possession or the estate in the matters upon which it is to be engaged for Debtor as Debtor-in-Possession, and its employment would be in the best interests of the estate.

**WHEREFORE,** your applicant prays that it be authorized to employ retroactively to the Petition Date, January 9, 2019, and appoint BLANCHARD LAW, P.A. under a general retainer, to represent it as Debtor in this proceeding under Chapter 11 of said Code; and that it have such other and further relief as is just.

DATED on this 9th day of January, 2019.

/s/ James Wesley Miller
James Wesley Miller, Manager
FW INVESTMENTS OF FLORIDA, LLC
d/b/a The Wine Bar Café

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served either electronically or by regular U.S. Mail to: U.S. Trustee and to all parties on the attached mailing matrix on this 10th day of January, 2019.

/s/ Jake C. Blanchard
BLANCHARD LAW, P.A.
Jake C. Blanchard, Esquire
Attorney for Debtor
1501 Belcher Road South
Unit 2B
Largo, FL 33771
Telephone: (727) 531-7068
Facsimile: (727) 535-2086
jake@jakeblanchardlaw.com
FBN: 0055438

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

FW INVESTMENTS OF FLORIDA, LLC
d/b/a The Wine Bar Cafe

CASE NO: 8:19-bk-00168
CHAPTER 11

Debtor.
_____/

**AFFIDAVIT AND FINANCIAL DISCLOSURE
IN SUPPORT OF FW INVESTMENTS OF FLORIDA, LLC'S APPLICATION
TO APPROVE THE EMPLOYMENT OF BLANCHARD LAW, P.A. AS COUNSEL**

**STATE OF FLORIDA
COUNTY OF PINELLAS**

**BEFORE ME,** the undersigned authority, personally appeared JAKE BLANCHARD, ESQUIRE, who, being duly sworn, deposes and says:

1. I, JAKE BLANCHARD, ESQUIRE, am an attorney employed by the law firm of BLANCHARD LAW, P.A. I am a member of the bar of the United States District Court for the Middle District of Florida. My law firm and I are lead counsel representing the Debtor in this Chapter 11 bankruptcy case. I make this affidavit in compliance with the provisions of Sections 327(a) and 329(a) of the Bankruptcy Code and F.R.B.P. 2014(a) and F.R.B.P. 2016(b).

2. Unless otherwise stated, this affidavit is based upon facts, which I have personal knowledge.

3. In preparing this affidavit, I reviewed the Debtor's bankruptcy schedules and lists that I have been filed with this Court. I also compared the information contained in those schedules and lists with the information contained in my law firm's client and adverse party conflict check index system. The facts stated in this affidavit as to the relationship between other lawyers in my law firm and the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, other persons employed by the office of the United States Trustee, and those persons and entities who are defined as not interested persons in Section 101(14) of the Bankruptcy code are based upon the results of my review of my firm's conflict check system.

4. My law firm's client and adverse party conflict check system is comprised of records regularly maintained in the course of business of the firm, and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I am one of the individuals that keep this system up-to-date, and I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

5. My firm has not represented the Debtor during the past year other than in connection with this bankruptcy filing. There were no fees that are not associated with this case due at the time this case was filed.

1

6. No attorney in the firm presently represents a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or the estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate.

7. No attorney in the firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or the estate, on any matter substantially related to this bankruptcy case.

8. No attorney in the firm has been paid fees pre-petition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case, except some pre-petition services were provided that were associated with the filing of this case. The compensation paid or agreed to be paid by the Debtor to the Undersigned Counsel is:

   (a) For legal services rendered or to be rendered in contemplation of and in connection with this case, I received $10,000.00, before the filing of this case, for the initial retainer and $1,717.00 as a filing fee for a total of $11,717.00 paid by the Debtor. Notwithstanding any non-refundable aspect of the retainer, counsel for the Debtor recognizes the Court will determine the reasonableness of fees pursuant to the provisions of Section 330 of the Bankruptcy Code.

   (b) Prior to filing the bankruptcy petition on January 9, 2019, counsel received $10,00.00 as retainer to be billed against at Two Hundred Seventy-Five Dollars ($275.00) per hour for partner's attorneys' fees, Two Hundred and Fifty Dollars ($250.00) for associates' attorney's fees and Ninety Dollars ($90.00) per hour for paralegal fees plus costs.

9. There is no agreement of any nature, other than the partnership agreement of my firm, as to the sharing of any compensation to be paid to the firm.

10. No attorney in the firm has any other connection with the Debtor, creditors, United States Trustee, or any employee of that office, or any other parties in interest.

11. No attorney in my firm has any other interest, direct or indirect, that may be affected by the proposed representation.

12. The services to be rendered or to be rendered include the following:

   (a) Analysis of the financial situation, and rendering advice and assistance to the Debtor in determining whether to file a petition under Title 11, United States Code.

   (b) Advising the Debtor with regard to the powers and duties of the debtor and as Debtor-in-Possession in the continued operation of the affairs of the Debtor and management of the property of the estate.

   (c) Preparation and filing of the petition, schedules of assets and liabilities, statement of affairs, and other documents required by the Court.

   (d) Representation of the Debtor at the meeting of creditors.

(e) Preparation, on behalf of the Debtor, any necessary applications, answers, orders, reports, complaints, plans, disclosure statements and other legal papers and appear at hearings thereon.

(f) To perform all other legal services for the Debtors as Debtor-in-Possession which may be necessary herein, and it is necessary for the Debtor-in-Possession to employ this attorney for such services.

13. This concludes my affidavit.

BLANCHARD LAW, P.A.

By: _____
JAKE BLANCHARD, ESQUIRE

SWORN to and SUBSCRIBED before me, January 9, 2019, by JAKE BLANCHARD, ESQUIRE on behalf of BLANCHARD LAW, P.A. who is personally known to me and who did take an oath.

NOTARY PUBLIC:

_____
State of Florida at Large (SEAL)

cc:
U.S. Trustee
Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:19-bk-00168<br>Middle District of Florida<br>Tampa<br>Thu Jan 10 13:53:01 EST 2019 | FW Investments of Florida, LLC<br>6428 N. Florida Avenue<br>Tampa, FL 33604-6036 | 6430 Florida Ave, LLC<br>219 S. Glen Ave<br>Tampa, FL 33609 |
| 6430 Florida Ave, LLC<br>Greg Barnhill<br>219 S. Glen Ave<br>Tampa, FL 33609 | Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 | EM Phillips Construction<br>Company, LLC<br>Po Box 2041<br>Brandon<br>Brandon, FL 33509-2041 |
| Ecolab<br>1 Ecolab Place Street<br>Saint Paul, MN 55102-2739 | Florida Dept. of Revenue<br>5050 W. Tennessee Street<br>Tallahassee, FL 32399-0100 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| James Wesley Miller<br>7310 Park Drive<br>Tampa, FL 33610-1058 | Sandra Faye Jones<br>7310 Park Drive<br>Tampa, FL 33610-1058 | United States Trustee - TPA +<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| Jake C Blanchard +<br>Blanchard Law, PA<br>1501 S. Belcher Rd. Unit 2B<br>Largo, FL 33771-4505 | End of Label Matrix<br>Mailable recipients    12<br>Bypassed recipients     0<br>Total                  12 | |